# United States Court of Appeals

*for the*

# Third Circuit

Case No. 24-3005

SOCIEDAD CONCESIONARIA METROPOLITANA DE SALUD S.A.,

*Petitioner-Appellant,*

– v. –

WEBUILD S.P.A.

*Respondent-Appellee.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF DELAWARE
NO. 1-23-CV-01175, HONORABLE COLM F. CONNOLLY

## RESPONDENT-APPELLEE'S MOTION TO STAY THE MANDATE PENDING THE FILING AND DISPOSITION OF A PETITION FOR A WRIT OF CERTIORARI

HENRY E. GALLAGHER, JR.
ALAN R. SILVERSTEIN
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
(302) 757-7300

JAMES M. HOSKING
ANDREAS A. FRISCHKNECHT
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, New York 10019
(212) 257-6960

*Counsel for Respondent-Appellee*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ...........................................................................................3

ARGUMENT ...............................................................................................5

I.      This Case Presents a Substantial Question ....................................6

      A.      The Petition Will Raise a Substantial Question Regarding the Application of *Shaffer v. Heitner* in Proceedings to Enforce Foreign Arbitral Awards ..........................................................7

      B.      Because This Court's Decision Directly Conflicts with *Shaffer*, the Supreme Court is Likely to Grant *Certiorari* and Reverse .................................................................................11

II.     There is "Good Cause" to Stay the Mandate ...............................13

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Badgerow v. Walters*,
  596 U.S. 1 (2022)................................................................................10

*Base Metal Trading, Ltd. v. OJSC*,
  283 F.3d 208 (4th Cir. 2002) ...............................................................8

*Books v. City of Elkhart*,
  239 F.3d 826 (7th Cir. 2001) ....................................................7, 13, 15

*CC/Devas (Mauritius) Ltd. v. Antrix Corp.*,
  605 U.S. 223 (2025).............................................................................9

*Cerner Middle E. Ltd. v. iCapital, LLC*,
  939 F.3d 1016 (9th Cir. 2019) .............................................................8

*Doe v. Miller*,
  418 F.3d 950 (8th Cir. 2005) .............................................................13

*Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*,
  582 F.3d 393 (2d Cir. 2009)................................................................8

*Heckler v. Redbud Hosp. Dist.*,
  473 U.S. 1308 (1985)...........................................................................6

*Jules v. Andre Balazs Props.*,
  146 S. Ct. 1209 (2026)........................................................................9

*Nara v. Frank*,
  494 F.3d 1132 (3d Cir. 2007)....................................................5, 6, 13

*Rostker v. Goldberg*,
  448 U.S. 1306 (1980).....................................................................5, 15

*Shaffer v. Heitner*,
  433 U.S. 186 (1977)...............................................................1, 2, 4, 11

*U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers*,
   481 U.S. 1301 (1987)......................................................................6

*United States v. Holland*,
   1 F.3d 454 (7th Cir. 1993) ..........................................................6

**Statutes & Rules**                                   **Page(s)**

Fed. R. App. P. 41(d)(1) .........................................................*passim*

Federal Arbitration Act §§ 9, 10 .............................................9, 10

Sup. Ct. R. 10(a), 10(c) ...............................................................7

**Other Authorities**                                    **Page(s)**

William J. Moon, *Delaware's Global Competitiveness*, 106 Iowa L. Rev. 1683
   (2021)......................................................................................16

Pursuant to Rule 41(d)(1) of the Federal Rules of Appellate Procedure, Respondent-Appellee Webuild S.p.A. ("Webuild") respectfully moves this Court to stay issuance of its mandate pending the filing and disposition of a timely petition for a writ of *certiorari* with the Supreme Court of the United States (the "Petition").

**PRELIMINARY STATEMENT**

This Court should stay the issuance of the mandate because Webuild's forthcoming Petition will present substantial questions concerning the constitutional limits on *quasi in rem* jurisdiction and the enforcement of foreign arbitral awards against the property of a non-party to the underlying arbitration and award. Absent a stay of the mandate, Webuild may be compelled to litigate the merits of this dispute in a forum with which it undisputedly lacks minimum contacts, and the resulting harm to Webuild's individual liberty interest will be irreparable.

The District Court correctly dismissed this case under *Shaffer v. Heitner*, 433 U.S. 186 (1977), holding that Webuild's unrelated ownership of shares in a Delaware subsidiary did not afford constitutionally sufficient minimum contacts with Delaware, and that no court of competent jurisdiction had determined that Webuild is SCMS's debtor. A7-8. But a panel of this Court vacated the dismissal, holding that *Shaffer* permits attachment jurisdiction regardless of minimum contacts to enforce foreign arbitral awards, and that the District Court, as part of its jurisdictional inquiry, has "the power and the obligation" to decide whether Webuild

1

is the successor in interest of the named award debtor, Astaldi S.p.A. ("Astaldi"). Opinion at 31-32. The Court subsequently denied Webuild's petition for rehearing.

The panel decision's unprecedented expansion of *quasi in rem* jurisdiction, irrespective of minimum contacts, presents precisely the kind of substantial question that warrants a stay of this Court's mandate. It deepens an acknowledged circuit split over whether minimum contacts are required to enforce a foreign arbitral award against the award debtor's in-state property. And, by empowering courts in this Circuit to adjudicate whether a *non-party* to the arbitration is liable for the resulting award based solely on its unrelated ownership of in-state property, the decision parts company with every other circuit on *both sides* of the existing circuit split. The decision also conflicts with *Shaffer* itself, which contemplated attachment jurisdiction absent minimum contacts in post-judgment collection actions only where (unlike here) "a court of competent jurisdiction" has already determined that "the defendant is a debtor of the plaintiff." 433 U.S. at 210 n.36.

Good cause also supports a stay. If the mandate issues, the District Court will be directed to undertake the same "complex, heavily factual" successor-in-interest inquiry that Webuild contends the Constitution forbids absent minimum contacts. A stay will preserve the status quo while Webuild seeks Supreme Court review, while imposing no cognizable prejudice on SCMS and preventing further proceedings in

2

the District Court from overtaking the threshold jurisdictional question the Petition will present for review.

**BACKGROUND**

In July 2015, Petitioner-Appellant Sociedad Concesionaria Metropolitana de Salud S.A. ("SCMS"), a Chilean company, contracted with the Chilean branch of Astaldi, an Italian construction company, for the construction of a hospital in Chile. A dispute over construction delays later arose, and the ensuing Chilean arbitration resulted in a December 2021 award in favor of SCMS and against Astaldi (the "Award").

Separately, Astaldi entered a court-supervised restructuring proceeding in Italy known as a "*Concordato*." Pursuant to a July 2021 transaction (the "Italian Transaction") between Astaldi and Webuild, a subset of Astaldi's continuing business was spun off into Webuild, while other assets were left for liquidation or wind-down. The parties' current dispute turns on whether the Italian Transaction resulted in Webuild's assumption of liability for the Award under Italian law: SCMS claims it did, while Webuild maintains it did not.

In October 2023, SCMS commenced this proceeding in the District of Delaware to enforce the Award against Webuild (or rather, Webuild's Delaware-sited property) in the aggregate principal amount of up to $140 million, plus interest, on the theory that Webuild is Astaldi's successor in interest. SCMS did not allege

3

any connection between Delaware and the underlying arbitration or the Italian Transaction; instead, it invoked *quasi in rem* jurisdiction based solely on Webuild's ownership of shares in Webuild US Holdings, Inc., a Delaware holding company.

The District Court dismissed for lack of personal jurisdiction. It held that *Shaffer* "preclude[s] a court from exercising jurisdiction over a nonresident defendant based solely on the presence of property in the court's state that is unrelated to the action," and it further held that any purported exception for post-judgment attachment did not apply because no court of competent jurisdiction had determined that Webuild was SCMS's debtor. A7-8.

On May 18, 2026, a panel of this Court vacated and remanded. The panel (i) held that *Shaffer* authorizes traditional attachment jurisdiction in actions to collect on already adjudicated liabilities; (ii) extended that principle to foreign arbitral awards; and (iii) found the District Court must determine whether Webuild is Astaldi's successor in interest (which, if true, would make Webuild SCMS's debtor). Opinion at 31. The panel acknowledged this inquiry is "complex" and "heavily factual," requiring consideration of issues including the relationship among the Italian *Concordato*, the Chilean arbitration, and the multi-hundred-million-dollar Italian Transaction. *Id*. at 31, 33.

Webuild timely sought panel rehearing and rehearing *en banc*, arguing that the panel decision conflicts with *Shaffer*, deepens a circuit split, and improperly

expands successor jurisdiction.  Petition, ECF No. 49.  On June 30, 2026, the Court denied rehearing.  Order, ECF No. 50.  Webuild now seeks a stay of the mandate while it petitions the Supreme Court for review.

**ARGUMENT**

Under Federal Rule of Appellate Procedure 41(d)(1), "[a] party may move to stay the mandate pending the filing of a petition for a writ of *certiorari* in the Supreme Court."  Fed. R. App. P. 41(d)(1).  The motion "must show that the petition would present a substantial question and that there is good cause for a stay."  *Id.*

Applying that standard, this Court considers whether there is (i) a reasonable probability that the Supreme Court will grant *certiorari*; (ii) a reasonable possibility that at least five Justices would vote to reverse this Court's judgment; and (iii) a likelihood of irreparable injury absent a stay.  *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (citing *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers)).  In a "close case, the movant should make a showing that, on balance, the interests of the parties and the public favor a stay."  *Id.* (citing *Rostker*, 448 U.S. at 1308).

All three factors are satisfied here.  Webuild's petition will ask the Supreme Court to resolve important and recurring questions about due process, personal jurisdiction, *quasi in rem* jurisdiction as a basis for award enforcement, and an award creditor's ability to enforce a foreign arbitral award against a non-party to the

5

arbitration. There is thus both a reasonable probability that *certiorari* will be granted and, if it is, a reasonable possibility that at least five Justices would vote to reverse this Court's judgment. Moreover, absent a stay, a likelihood of irreparable injury exists because this Court's decision essentially collapses the personal jurisdiction inquiry with the merits, such that Webuild, absent Supreme Court review, risks being found liable for the Award in a forum with which it undisputedly lacks constitutionally sufficient minimum contacts.

## I. This Case Presents a Substantial Question

The standard governing whether a stay should be granted pending the filing of a petition for *certiorari* requires considering "whether four Justices would vote to grant *certiorari*," as well as giving "some consideration as to predicting the final outcome of the case in [the Supreme Court]." *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers*, 481 U.S. 1301, 1302 (1987) (Rehnquist, C.J., in chambers) (quoting *Heckler v. Redbud Hosp. Dist.*, 473 U.S. 1308, 1311 (1985)); *see also United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) (noting lower courts are to apply the same criteria articulated by the Supreme Court in considering whether to grant a stay). In this Court, the movant must demonstrate both a reasonable probability that the Supreme Court will grant *certiorari* and a reasonable possibility that at least five Justices would vote to reverse the judgment. *Nara*, 494 F.3d at 1133. Webuild's forthcoming Petition will present a substantial question for Supreme Court review,

6

and it is reasonably probable that the Supreme Court will grant *certiorari* and (at a minimum) reasonably possible that at least five Justices will vote to reverse the panel decision.

Under the Supreme Court Rules, a grant of *certiorari* may be warranted where, as here, a "court of appeals has decided an important question of federal law that has not been, but should be, settled by [the Supreme Court], or has decided an important federal question in a way that conflicts with relevant decisions of [the Supreme Court]." Sup. Ct. R. 10(c). In addition, Supreme Court review is appropriate where "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter." Sup. Ct. R. 10(a). A court assessing the likelihood that the Supreme Court will grant *certiorari* should consider that likelihood "in the context of the case history [and] the Supreme Court's treatment of other cases presenting similar issues." *Books v. City of Elkhart*, 239 F.3d 826, 828 (7th Cir. 2001). For the reasons discussed immediately below, Webuild submits these considerations favor granting a stay in this case.

### A. The Petition Will Raise a Substantial Question Regarding the Application of *Shaffer v. Heitner* in Proceedings to Enforce Foreign Arbitral Awards

Webuild's Petition will present a substantial question for Supreme Court review concerning the application of *Shaffer* in proceedings to enforce foreign

arbitral awards. The panel decision deepens a pre-existing, binary circuit split into a three-way split, presenting a substantial question for Supreme Court review regarding the due process limits of *quasi in rem* jurisdiction in foreign-award enforcement proceedings. Opinion at 31-33.

Other circuits have reached contrary conclusions on the threshold question of whether, under *Shaffer*, an enforcing court *ever* has the power to exercise property-based jurisdiction absent minimum contacts. The Fourth Circuit has held that, under *Shaffer*, "the minimum contacts standard in *International Shoe* governs" award enforcement proceedings, and that an enforcing court may not exercise jurisdiction based solely on the presence of property that "bears no relationship to the arbitration award" the creditor seeks to confirm. *Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory,* 283 F.3d 208, 213-14 (4th Cir. 2002). The Second and Ninth Circuits have reached the opposite conclusion, allowing enforcement of foreign arbitral awards against in-state property even absent minimum contacts where the property belongs to a named award debtor. *See Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 398 (2d Cir. 2009); *Cerner Middle E. Ltd. v. iCapital, LLC*, 939 F.3d 1016, 1019-20 (9th Cir. 2019). Under either of these existing tests, the District Court's dismissal of this case was proper.

But the panel here adopted an unprecedented and far broader rule, holding that *Shaffer* permits a district court to determine whether a non-party to the arbitration assumed the award debtor's obligation, and that the court may do so based solely on the non-party's unrelated ownership of property in the forum. Opinion at 31-33. Moreover, and critically, the panel's holding that the District Court must determine, as a *jurisdictional* matter, whether Webuild is liable for Astaldi's award debt, collapsed the jurisdictional inquiry into the merits. No other circuit has adopted such a rule (or anything close to it). Hence, the panel decision did not merely choose sides in an existing circuit split; rather, it produced an even more splintered and less predictable standard for jurisdiction in foreign-award enforcement proceedings.

This case presents exactly the kind of important and recurring issue concerning jurisdiction and arbitral award enforcement for which the Supreme Court is likely to grant *certiorari*. *Cf. Jules v. Andre Balazs Props.*, 146 S. Ct. 1209 (2026) (Court had granted *certiorari* to resolve the issue of whether a federal court that initially exercises jurisdiction and stays a case pending arbitration retains jurisdiction over post-arbitration applications under §§ 9 or 10 of the Federal Arbitration Act ("FAA") where jurisdiction otherwise would be lacking); *CC/Devas (Mauritius) Ltd. v. Antrix Corp.*, 605 U.S. 223 (2025) (Court had granted *certiorari* to resolve the issue of whether the Foreign Sovereign Immunities Act requires minimum contacts for a court to have personal jurisdiction over a foreign sovereign for arbitral

9

award recognition and enforcement); *Badgerow v. Walters*, 596 U.S. 1 (2022) (Court had granted *certiorari* to resolve the issue of whether federal courts have subject-matter jurisdiction to confirm or vacate an arbitral award under FAA §§ 9 and 10 when the sole basis for jurisdiction is that the underlying dispute involved a federal question).

Foreign arbitral awards are routinely enforced across borders, and creditors often look to execute against assets held through corporate structures in the United States. As a direct result of the panel decision, foreign corporations in this Circuit will be exposed to merits adjudication of their contested liability for foreign arbitral awards having nothing to do with the United States merely because they happen to own shares in a local subsidiary. Given Delaware's central role in corporate organization, the practical consequences of the panel decision thus extend well beyond this case.

Supreme Court review is reasonably probable because the Petition will ask the Court to resolve both an acknowledged disagreement among the circuits and an important federal question affecting the due process limits on jurisdiction in arbitral award enforcement proceedings. That alone satisfies Rule 41(d)'s requirement that the Petition present a substantial question.

## B. Because This Court's Decision Directly Conflicts with *Shaffer*, the Supreme Court is Likely to Grant *Certiorari* and Reverse

The Petition presents an additional substantial question because the panel decision unequivocally conflicts with the Supreme Court's decision in *Shaffer,* which squarely held that that assertions of *quasi in rem* jurisdiction (just like *in personam* jurisdiction) "must be evaluated according to the standards set forth in *International Shoe* and its progeny." *Shaffer*, 433 U.S. at 212. Under *International Shoe*, every defendant has a due process right not to be brought to judgment in a forum with which it lacks minimum contacts. And, under *Shaffer*, a defendant does not "surrender" that due process right merely because it owns local property. *Id*. at 216.

But the panel held that rule does not apply in this case. To support its conclusion, the panel cited the *Shaffer* Court's observation, in a footnote, that, "[o]nce it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff," a court in another state may allow an action to realize on that debt against the defendant's property. Opinion at 17 (quoting *Shaffer*, 433 U.S. at 210 n.36). The footnote thus presupposes the very fact missing here: that a court with jurisdiction over the defendant has adjudicated the defendant's liability. The *Shaffer* footnote does not, however, authorize a court in a forum with which the defendant lacks minimum contacts to adjudicate, in the first instance, whether "the

11

defendant is a debtor of the plaintiff." *See* Opinion at 31-32. The core problem with the panel's reasoning is that it assumes the answer to the jurisdictional question: the District Court cannot *become* jurisdictionally "competent" to adjudicate a foreign defendant's alleged liability by first adjudicating that very liability. The panel's contrary conclusion irreconcilably conflicts with *Shaffer*.

In this action, SCMS does not merely seek to attach property of an adjudicated award debtor; it seeks a new determination that Webuild assumed Astaldi's Award debt because of the Italian Transaction and under Italian law. Webuild disputes that allegation, and the panel recognized that resolving it will require a complex, heavily factual inquiry into foreign restructuring proceedings and the alleged transfer of liabilities. Consequently, this is not an ordinary case where the threshold jurisdictional question has been resolved against the defendant before the case proceeds on the merits. Rather, the panel decision will require the District Court to incidentally decide the merits as part of its jurisdictional determination. If *Shaffer* requires a showing of minimum contacts *before* the District Court may adjudicate that dispute, the panel's remand cannot stand.

At a minimum, there is a reasonable possibility the Supreme Court would reverse. The panel's decision allows the presence of unrelated in-state property, without more, to supply the predicate for adjudicating a non-party foreign corporation's liability for a foreign arbitral award. That is precisely the outcome

*Shaffer* forbids, and it independently satisfies the substantial question requirement for a stay.

## II. There is "Good Cause" to Stay the Mandate

There is "good cause" to stay the mandate in this case. Fed. R. App. P. 41(d)(1); *see Nara*, 494 F.3d at 1133. In assessing whether good cause exists, the Court must consider "whether the movant[] [is] likely to suffer irreparable harm in the absence of a stay." *Nara*, 494 F.3d at 1133; *see Doe v. Miller*, 418 F.3d 950, 951 (8th Cir. 2005). Granting the stay is a matter of the Court's discretion, and when assessing such motions, courts "balance the equities of granting a stay by assessing the harm to each party if a stay is granted." *Books*, 239 F.3d at 828 (citation modified). Here, the balance of hardships favors granting a stay because Webuild is likely to face irreparable harm if the mandate issues, while SCMS will suffer no prejudice if the stay is granted.

*First*, good cause exists because no court has determined that Webuild's unrelated ownership of shares in a Delaware subsidiary is sufficient to confer *quasi in rem* jurisdiction. Yet, under the panel's decision, there will *never* be a separate, threshold personal jurisdiction determination in this case. Instead, the District Court will be required to adjudicate Webuild's liability *in order* to decide the jurisdictional question. And the very question Webuild intends to present in its Petition is whether the District Court, under *Shaffer,* has the power to make that determination.

13

Previously, the District Court dismissed for lack of personal jurisdiction. A7-8. But the panel vacated and remanded with instructions to determine whether Webuild is Astaldi's successor in interest. Opinion at 34. As the panel itself noted, this will require the District Court to engage in a "complex, heavily factual" analysis of the Italian Transaction. *Id.* at 32. And, more to the point, the complex determination the panel's decision requires the District Court to undertake will overlap almost entirely with the merits of the parties' dispute: if the panel decision stands, a determination by the District Court that Webuild's shareholding confers *quasi in rem* jurisdiction because Webuild assumed liability for the Award under the Italian Transaction and Italian law will be tantamount to a determination that Webuild is *liable* for the Award. That is the inevitable result of the panel's ruling, as a *jurisdictional* matter, that "[t]he District Court has both the power and the obligation to determine whether Webuild is Astaldi's successor in interest." *Id.* If, as Webuild respectfully submits, the panel's conclusion on that dispositive point was incorrect, Webuild will be forced to litigate the merits of this dispute in a forum with which it undisputedly lacks minimum contacts.[1] The resulting harm to Webuild's

---

[1] In the District Court, Webuild also moved, in the alternative, for dismissal on *forum non conveniens* grounds, and the District Court will not need to reach the merits if it dismisses this case on that basis. The possibility that the district court might dismiss the case on *forum non conveniens* grounds, however, does nothing to mitigate the prejudice of having to litigate even that issue in a court

14

individual liberty interest will be irreparable. This is exactly the kind of situation that warrants granting a stay. *See Books*, 239 F.3d at 829 (holding that the "equities of the situation counsel that the parties not be required to address the merits until [they have] been afforded an opportunity to present [their] contentions to the Justices of the Supreme Court of the United States").

*Second*, no party will be prejudiced by a stay. SCMS seeks recognition and enforcement of an award for money damages, and no question exists regarding Webuild's solvency and ability to pay in the event of an adverse final judgment on the merits. The District Court previously dismissed SCMS's petition, and a stay of the mandate will simply preserve the *status quo* without cognizable prejudice to SCMS.

*Finally*, were this a close case—which it is not—the public interest further favors a stay. *See Rostker,* 448 U.S. at 1308. The questions Webuild will present in its Petition will impact the due process limits on federal court jurisdiction over foreign corporations and their property in proceedings to enforce foreign arbitral awards. The issue is particularly important given Delaware's status as the

---

that lacks jurisdiction over the parties. Indeed, there is a substantial difference between the mandatory due process requirement of personal jurisdiction and the (discretionary) *forum non conveniens* test, and Webuild should not be subjected to the latter at all given that the District Court lacks jurisdiction over it.

preeminent U.S. jurisdiction for corporate formation and the potential consequences for foreign corporations holding U.S. businesses through their Delaware subsidiaries. *See* William J. Moon, *Delaware's Global Competitiveness*, 106 Iowa L. Rev. 1683, 1691, 1708 (2021) (discussing "Delaware's weakness in attracting foreign companies in recent years"). Those questions should be resolved before the District Court undertakes the complex "successor in interest" inquiry the Supreme Court is likely to find *Shaffer* forbids.

## CONCLUSION

For the foregoing reasons, Webuild respectfully requests that the Court stay issuance of the mandate in this appeal pursuant to Federal Rule of Appellate Procedure 41(d)(1) pending the filing and ultimate disposition of Webuild's impending petition for a writ of *certiorari* in the Supreme Court of the United States.

July 6, 2026

Respectfully Submitted,

/s/ *Andreas A. Frischknecht*
James M. Hosking
Andreas A. Frischknecht

CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960

– and –

Henry E. Gallagher, Jr.
Alan R. Silverstein

CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
(302) 757-7300

*Attorneys for Respondent-Appellee*
*Webuild S.p.A.*

# CERTIFICATION OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

July 6, 2026

*/s/ Andreas A. Frischknecht*
Andreas A. Frischknecht
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960

# CERTIFICATE OF COMPLIANCE

1.      This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,629 words (as determined by Microsoft Word for Office 365), excluding the parts of the petition exempted by Rule 32(f). This motion also complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) because it has been prepared in 14-Point Times New Roman proportional font using Microsoft Word for Office 365.

2.      Pursuant to the Court's Rule 31.1(c), the foregoing motion has been scanned with version 24.1.5.277 of SentinelOne and is free of viruses.


July 6, 2026

*/s/ Andreas A. Frischknecht*
Andreas A. Frischknecht
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I caused the foregoing motion to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the Court's CM/ECF system. I further certify that service was accomplished on all parties via the Court's CM/ECF system.

July 6, 2026

/s/ Andreas A. Frischknecht
Andreas A. Frischknecht
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960